UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENSEN MEHARG, and her parents | ) | |
| ROBIN MEYER and MICHAEL MEHARG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:08-cv-184-DFH-TAB |
| vs. | ) | |
| | ) | |
| ASTRAZENECA PHARMACEUTICALS LP, | ) | |
| ASTRAZENECA LP, and ZENECA | ) | |
| HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**I.     Introduction**

The present discovery dispute requires the Court to determine whether Defendants properly designated certain documents as "confidential" under the governing protective order. The Court has dealt with this issue previously, given "the practice of many counsel to overdesignate discovery responses as confidential." *Containment Technologies Group v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). The instant discovery clash—one of many in this case—requires the Court to revisit this issue and put a finer point on *Containment Technologies* by emphasizing that all confidential designations must be made in good faith.

**II.    Background**

On July 30, 2009, the Court held a hearing on a motion for protective order filed by Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Holdings, Inc. (the "AZ Defendants"). Defendants' motion seeks to maintain the confidential designation of seven

documents AZ Defendants produced during discovery. [Docket No. 187.] Plaintiffs and AZ Defendants have a confidentiality agreement and protective order [Docket No. 138] defining "confidential information" to include, among other things, confidential proprietary information and manuals, policies, or procedures not available from third- or non-third parties or any public source. During discovery, AZ Defendants produced approximately 1,852 documents, the "overwhelming majority" of which they designated as confidential. [Docket No. 244 at 5.]

The July 30 hearing revealed that AZ Defendants marked several documents confidential that clearly were not—a copy of the Sensorcaine box and the Sensorcaine package insert and label. [Docket No. 244 at 14–15.] For this and other reasons, Plaintiffs raised concerns that AZ Defendants were overusing the confidential designation. Plaintiffs requested that AZ Defendants de-designate thirteen documents. [Docket No. 189, Ex. 2.] The parties were able to agree on the proper designation of six of those documents, leaving seven documents at issue for the July 30 hearing.

The first five documents contain AZ Defendants' standard operating procedures. Dr. Vikram Dev, AZ's head of drug safety in the United States, testified about the SOPs. He testified that the SOPs cover all AZ products and took a "considerable amount" of time and research to develop. [Docket No. 244 at 28–29.] Access to the SOPs is limited: no one outside AZ can access the SOPs, access requires an account and password, and the SOPs are inaccessible from home computers. When employees leave AZ, they are required to sign an agreement that they are not taking the SOPs. [Docket No. 244 at 30.] Dr. Dev further testified that AZ's SOPs would be a "great advantage" to a start-up company because they represent many years of work. [Docket No. 244 at 31.]

The sixth document is a "screen shot" of a single "detailed case report" from one of AZ

Defendants' databases. The database is inaccessible outside of AZ and is password-controlled and limited to designated people. [Docket No. 244 at 34–35.] Dr. Dev testified that having a single report in the public domain could harm AZ because the incomplete information could be misconstrued. [Docket No. 244 at 35.]

The seventh document is a largely redacted "Standard Response Frequency Report." Dr. Dev did not testify about this document, and AZ Defendants' counsel candidly characterized it as "probably less sensitive than the others." [Docket No. 244 at 10.]

### III. Discussion

Seventh Circuit law requires that the Court be ever vigilant to keep judicial proceedings public.

> What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

*Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Nevertheless, "[p]ortions of discovery may be conducted in private to expedite disclosure." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)); *see also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999) (citing *Seattle Times Co.*, 467 U.S. at 33) ("It is true that pretrial discovery, unlike the trial itself, is usually conducted in private.").

In *Containment Technologies*, the Court acknowledged the difference between a protective order issued for discovery only and one issued for sealing documents filed with the Court. The Court concluded that it is preferable to require heightened attention to the

confidential designation when the document is filed with the Court.  But this does not mean, as the Defendants seem to suggest, that *Containment Technologies* requires no scrutiny of the confidential designation at the discovery stage.  Such a conclusion stretches *Containment Technologies* too far.  When a party raises what appears to be a reasonable objection to a confidentiality designation, and counsel cannot resolve this dispute, the Court can and should scrutinize whether the designation is proper.

To minimize such disputes and the need for judicial involvement, and consistent with notions of fair play, all parties must act in good faith when designating documents as confidential.  *See* Fed. R. Civ. P. 26(g)(1) (requiring discovery responses to be "not interposed for any improper purpose"); *compare* Fed. R. Civ. P. 11 (requiring presentations to the court to be not "for any improper purpose"); *see also Shovan v. Allstate Ins. Co.*, No. 08-cv-01564-LTB-BNB, 2009 WL 1537846, at *1 (D. Colo. June 2, 2009) (citing *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000)) (requiring that confidential designation be "based on a good faith belief that the information is confidential").  Many protective orders explicitly contain such a requirement, but, as here, some do not.[1]  Even when not specified by a protective order, confidential designations may only be utilized in good faith.

The good faith requirement is important for two reasons.  First, a confidential designation limits what the opposing party can do with the documents.  *See Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009) ("It is clear to this court that the indiscriminate use of 'attorneys eyes only' protective orders

---

[1] This protective order requires that a party filing under seal request continued protection of items in good faith.  [Docket No. 138 at 6.]  However, the protective order does not require good faith in the initial designation of an item as confidential.

does pose a significant handicap on the restricted litigant."). Under this protective order, for example, the receiving party must limit who can view the information, meet and confer with the designating party prior to filing designated information in open court, and return or destroy all confidential material. [Docket No. 138 at 4–5, 8.] Second, a confidential designation is only one step removed from filing under seal, where the Court becomes involved and the public has an interest in the underpinnings of judicial decisions. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.").

With these principles in mind, the Court must determine whether the seven documents are properly designated as confidential. In making this determination, Magistrate Judge Scoville's recent opinion in *Arvco* is instructive:

> At best, the present record shows that defendant neither likes nor trusts plaintiff and would be uncomfortable if plaintiff's business executives had access to discovery material, because they cannot be trusted to abide by the protective order. . . . A litigant's vague feeling of discomfort or its desire to hobble its opponent in litigation do not establish good case. Vague and conclusory allegations of confidentiality and competitive harm are insufficient. The movant must make a particularized showing that the information sought is confidential and come forward with specific examples of competitive harm.

*Arvco*, 2009 WL 311125, at *8 (citations and quotation omitted).

A company's standard operating procedures would not necessarily meet the standard set out in *Arvco*. But AZ Defendants offered Dr. Dev's testimony that the SOPs were highly guarded and that their release could cause competitive harm specifically in the form of appropriation by a start-up. Plaintiffs' supplemental authority, *Forst v. Smithkline Beecham Corp.*, No. 07-CV-612, 2009 WL 2256232 (E.D. Wis. July 29, 2009), is not persuasive because,

5

as AZ Defendants point out, the documents at issue there were sent to the Food and Drug Administration as part of a regulatory filing and involved a drug no longer under patent protection. Such is not the case here, in that the SOPs also relate to current products. The Court therefore grants AZ Defendants' motion for protective order regarding the five SOP documents.

As to the sixth document (AZ-SEC-961 to -962), AZ Defendants established that it was kept secret but did not sufficiently demonstrate a specific harm that would occur if the document were released. The release of almost any confidential document has the potential consequence of creating a misunderstanding. Indeed, counsel raised a similar argument in *Forst*, 2009 WL 2256232, at *7, which did not prove successful. Thus, the AZ Defendants have failed to meet their burden to keep this document designated as confidential. The Court denies AZ Defendants' motion as to the sixth document.

As to the seventh document (AZ-SEN-000016235 to -16239), AZ Defendants presented no evidence that it was kept secret or that its release would cause harm. Moreover, counsel for AZ Defendants acknowledged that it is "probably less sensitive than the others." The Court therefore denies AZ Defendants' motion as to the seventh document.

**IV.    Conclusion**

For the above reasons, AZ Defendants' motion for protective order [Docket No. 187] is granted in part and denied in part. The confidentiality designation on documents AZ-SEC-961 to -962 and AZ-SEN-000016235 to -16239 is ordered removed, but this designation shall remain as to the other challenged documents.

Dated:  09/14/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Geoffrey M. Coan
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
geoffrey.coan@wilsonelser.com

John J. Cord
JANET JENNER & SUGGS LLC
jcord@medlawlegalteam.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Jessica Benson Cox
ICE MILLER LLP
jessica.cox@icemiller.com

John P. Daly Jr.
COHEN & MALAD LLP
jdaly@cohenandmalad.com

Elizabeth J. Doepken
COHEN & MALAD LLP
edoepken@cohenandmalad.com

Audra Jae Ferguson-Allen
ICE MILLER LLP
audra.ferguson-allen@icemiller.com

Amy K. Fisher
ICE MILLER LLP
amy.fisher@icemiller.com

James J. Freebery IV
McCARTER & ENGLISH, LLP
jfreebery@mccarter.com

Bonnie L. Gallivan
ICE MILLER LLP
gallivan@icemiller.com

Robert L. Gauss
ICE MILLER LLP
gauss@icemiller.com

Jeff S. Gibson
COHEN & MALAD LLP
jgibson@cohenandmalad.com

Charles P. Goodell Jr
GOODELL DEVRIES LEECH & DANN LLP
cpg@gdldlaw.com

Jeffrey H. Horowitz
KAYE SCHOLER LLP
jhorowitz@kayescholer.com

Robert K. Jenner
JANET JENNER & SUGGS LLC
rjenner@medlawlegalteam.com

Brian Ketterer
JANET JENNER & SUGGS, LLC
bketterer@medlawlegalteam.com

Maynard Kirpalani
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
maynard.kirpalani@wilsonelser.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Lee B. McTurnan
BINGHAM MCHALE LLP
lmcturnan@binghammchale.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

C. Calvin Warriner III
SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
ccw@searcylaw.com

Katherine A. Winchester
ICE MILLER LLP
winchest@icemiller.com