UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENSEN MEHARG and her parents ROBIN MEYER and MICHAEL MEHARG, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 1:08-cv-0184-DFH-TAB |
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, and ZENECA HOLDINGS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON ASTRAZENECA DEFENDANTS'
MOTION TO RECONSIDER DENIAL OF PROTECTIVE ORDER**

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Holdings, Inc. ("AZ Defendants"), have asked the Court to reconsider its June 26, 2009, ruling on AZ Defendants' motion for a protective order ordering production of the documents sought in Plaintiffs' third request for production.[1]  [Docket No. 213.]

AZ Defendants base their motion for reconsideration on their *Daubert* motion, filed after the Court's June 26 ruling. [Docket No. 213 at 2.] AZ Defendants' *Daubert* motion asks the Court to exclude or limit the testimony of Plaintiffs' expert, Dr. Suzanne Parisian, as it relates to "drug equivalency." [*Id.*] AZ Defendants argue that if Dr. Parisian's testimony regarding "drug equivalency" is excluded, the documents sought in Plaintiffs' third request for production

---

[1] Plaintiffs' third request for production seeks the following documents from AZ Defendants: "(1) [a]ll regulatory approval documents, and communications with the FDA, concerning those AstraZeneca drugs used in infusion pain pumps including bipivacaine, ropivacaine and lidocaine"; and (2) internal memoranda discussing the risks of chondrolysis by any "-caine" drug. [Docket No. 149 at 2].

relating to drugs other than Sensorcaine are not relevant.  [*Id*. at 1-2.]

Plaintiffs answer that the proper standard regarding AZ Defendants' production of the requested documents is discoverability.  [Docket No. 230 at 2.]  Plaintiffs note that the Court expressly rejected AZ Defendants' relevancy and undue burden arguments in light of Dr. Parisian's report as well as Dr. Geller's testimony and the medical literature.  [*Id*. at 6.]  Additionally, Plaintiffs contend that AZ Defendants' motion to reconsider is not the proper remedy as the evidence AZ Defendants rely on in their *Daubert* motion was available to AZ Defendants while briefing their motion for protective order.  [*Id*.]  Plaintiffs point out that a motion to reconsider cannot be used to "provide the movant with a second-bite at the apple," or to expand upon prior arguments with evidence that was available to the movant during previous briefing.  [*Id*. at 6.]

A motion to reconsider an order is procedurally permissible "when there is newly discovered evidence."  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill. 2006).  Motions to reconsider can not be used to present "evidence that could have been presented" prior to the original order being entered.  *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2007).  Rule 59(e) places a burden on the movant to "clearly establish" the grounds for amending a previous order.  *Harrington,* 433 F.3d at 546.  AZ Defendants assert a motion to reconsider is proper in light of their *Daubert* motion which relies, in part, on information obtained during Dr. Parisian's deposition that occurred after briefing on the June 26 Order was closed.  [Docket No. 230 at 2.]

Neither party contests that the central issue in this dispute is "[w]hat notice AZ Defendants had, and when."  [Docket No. 213 at 2; Docket No. 230 at 1.]  Plaintiffs argue

information sought in their third request for production bears on what notice AZ Defendants may have had regarding potential danger of the local anesthetic Sensorcaine, and that the relevancy of this information outweighs AZ Defendants' burden of production.  To support relevancy, Plaintiffs offer the testimony of Dr. Parisian, Dr. Geller, medical literature, and the recent deposition of AstraZeneca regulatory expert Dr. Thomas Garvey.  [Docket 230 at 3-4.] Although AZ Defendants dispute Dr. Parisian's credibility, for purposes of discoverability, Plaintiffs have met the low hurdle of relevancy.

In support of their contention on reconsideration that Plaintiffs' requests are unduly burdensome, AZ Defendants cite Joseph F. Fedgchin's testimony that a preliminary search of a "small subset" of Plaintiffs' discovery requests returned approximately 11,000 documents. [Docket No. 213 at 1.]  AZ Defendants propose that this large number could be reduced by restricting Plaintiffs' requested production to AZ Defendants "global safety database."  [Docket No. 242 at 6].  Additionally, AZ Defendants continue to rely on their relevancy arguments to demonstrate the Plaintiffs' requested production is unduly burdensome.  The Court rejected this argument previously and the AZ Defendants have failed to set forth a sufficient basis to reconsider this conclusion.  Restricting Plaintiffs' requested production to AZ Defendants' "global safety database" is overly limiting.  As such, AZ Defendants have failed on reconsideration to demonstrate with specificity how Plaintiffs' third request for production is unreasonably cumulative, unduly burdensome or could be obtained from a more convenient source.

Accordingly, the documents sought by Plaintiffs in their third request for production are discoverable.  The Court recognizes AZ Defendants' renewed concern that Plaintiffs have

requested the same information in different places and thus the Court reasserts that AZ Defendants need only produce the information to Plaintiffs once.  AZ Defendants shall produce the documents sought in the third request for production within 30 days of the date of this order. AZ Defendants' motion to reconsider denial of protective order [Docket No. 213] is denied.

Dated:  09/14/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Geoffrey M. Coan
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
geoffrey.coan@wilsonelser.com

John J. Cord
JANET JENNER & SUGGS LLC
jcord@medlawlegalteam.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Jessica Benson Cox
ICE MILLER LLP
jessica.cox@icemiller.com

John P. Daly Jr.
COHEN & MALAD LLP
jdaly@cohenandmalad.com

Elizabeth J. Doepken
COHEN & MALAD LLP
edoepken@cohenandmalad.com

Audra Jae Ferguson-Allen
ICE MILLER LLP
audra.ferguson-allen@icemiller.com

Amy K. Fisher
ICE MILLER LLP
amy.fisher@icemiller.com

James J. Freebery IV
McCARTER & ENGLISH, LLP
jfreebery@mccarter.com

Bonnie L. Gallivan
ICE MILLER LLP
gallivan@icemiller.com

Robert L. Gauss
ICE MILLER LLP
gauss@icemiller.com

Jeff S. Gibson
COHEN & MALAD LLP
jgibson@cohenandmalad.com

Charles P. Goodell Jr
GOODELL DEVRIES LEECH & DANN LLP
cpg@gdldlaw.com

Jeffrey H. Horowitz
KAYE SCHOLER LLP
jhorowitz@kayescholer.com

Robert K. Jenner
JANET JENNER & SUGGS LLC
rjenner@medlawlegalteam.com

Brian Ketterer
JANET JENNER & SUGGS, LLC
bketterer@medlawlegalteam.com

Maynard Kirpalani
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
maynard.kirpalani@wilsonelser.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Lee B. McTurnan
BINGHAM MCHALE LLP
lmcturnan@binghammchale.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

C. Calvin Warriner III
SEARCY DENNEY SCAROLA
BARNHART & SHIPLEY, P.A.
ccw@searcylaw.com

Katherine A. Winchester
ICE MILLER LLP
winchest@icemiller.com